UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KEVIN GIOGLIO                                                                               PLAINTIFF

V.                           No. 4:22-CV-00411-KGB-JTR

DANNY CLARK, Jail Administrator
Sheridan Detention Center                                                       DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Discussion

On May 6, 2022, Plaintiff Kevin Gioglio ("Gioglio"), a pretrial detainee in the Sheridan Detention Center ("SDC"), filed this *pro se* § 1983 action alleging the Defendant violated his constitutional rights. *See Doc. 2.* Along with this Complaint, Gioglio filed an *In Forma Pauperis* ("IFP") Application (*Doc. 1*), which did not

include the required certification of his SDC trust fund account, or a completed calculation sheet signed by an authorized SDC official, as Gioglio stated he "[could] not get this facility [SDC] to sign off on the proof of indigency." *Doc. 1 at 6*.

On May 10, 2022, the Court entered an Order denying Gioglio's IFP Application because of the noted deficiencies but directed the Clerk to send him a new IFP Application, along with a copy of the Order, and expressly directed the SDC officials "to assist [Gioglio] in completing the necessary [IFP] forms." *Doc. 3 at 3*. This Order gave Gioglio until June 9, 2022 to either: (1) pay the $402 filing fee; or (2) file a completed IFP Application, along with a certified copy of his trust fund account statement and calculation sheet. Importantly, the May 10 Order cautioned Gioglio, that if he failed to timely and properly comply, his case could be dismissed for lack of prosecution. *Id*.

The Court's May 10 Order and a Notice of Docket Correction were both mailed to Gioglio, at his address of record, the SDC. On May 12, 2022 and May 13, 2022, the Order and Notice were returned undelivered, and marked "RETURN TO SENDER[,] No Longer Here." *Docs. 4 & 5*.

Pursuant to Local Rule 5.5(c)(2), Gioglio has a duty to: (1) promptly notify the Clerk of any changes in his address; (2) monitor the progress of his case; and (3)

prosecute his case diligently.[1] Additionally, Local Rule 5.5(c)(2) provides that if any communication from the Court to a *pro se* plaintiff, like Gioglio, is not responded to within 30 days, the case may be dismissed, without prejudice. *Id*.

Gioglio has not provided the Court with a current mailing address, nor has he responded to the Court's May 10 Order. Accordingly, his case should be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT Gioglio's case be DISMISSED, WITHOUT PREJUDICE, for lack of prosecution.

DATED this 29th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 5.5(c)(2) states:

It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se must be expected to be familiar with and follow the Federal Rules of Civil Procedure.